Filed 2/11/16  P. v. Aguirre CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067548 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD252492) |
| RENE JAVIER AGUIRRE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

A jury convicted Rene Javier Aguirre of assault by means likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); counts 1 and 2) and battery with serious bodily injury (§ 243, subd. (d); count 3).  It found true that as to count 2, Aguirre

_____

[1]      Statutory references are to the Penal Code.

personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a) and as to counts 2 and 3, he personally inflicted great bodily injury within the meaning of section 1192.7, subdivision (c)(8). The court stayed Aguirre's sentence and imposed a term of three years probation on condition he spend 365 days in local custody and waive section 4019 presentence credits. Aguirre appeals under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Aguirre the opportunity to file his own brief on appeal but he has not responded.

## FACTUAL BACKGROUND

Jaime Lopez testified that on November 23, 2013, he and Aguirre were having a friendly chat at a downtown San Diego bar. Aguirre asked him where he was from, and Lopez replied he was from National City. Aguirre said he was from the neighboring area called Shelltown in San Diego and, unprovoked, hit Lopez, who lost consciousness.

Afterwards, as Aguirre walked past a nightclub, he slapped Shaken Bissenkulov, who was standing outside. Bissenkulov testified that he and his friend, Ruslan Farutdinov, followed Aguirre, who took off his shirt and fought them. Aguirre punched Farutdinov in the face and, as a result, Farutdinov was taken to the hospital, where he received approximately seven stitches to his lips. For a couple of weeks afterwards Farutdinov suffered from headaches and nausea.

2

## DISCUSSION

Appellate counsel states she is unable to identify any reasonably arguable issues for appeal and has asked this court to review the record for error. (*Wende, supra,* 25 Cal.3d 436.) Pursuant to *Anders, supra,* 386 U.S. 738, counsel has identified the following issues in order to assist the court in its search for error:

1. Should Aguirre's count 2 conviction be stricken as a lesser included offense of his count 3 conviction?

2. Did substantial evidence support the count 3 conviction and the finding Aguirre did not act in self-defense?

3. Did sufficient evidence support the finding Aguirre personally inflicted great bodily injury on Farutdinov?

4. Did the court abuse its discretion by requiring Aguirre to waive his section 4019 credits to receive probation and in refusing to limit his custody time to time served?

5. Should Aguirre's enhancement for personally inflicting great bodily injury be stricken under section 654?

We have reviewed the entire record consistent with the mandate of *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. Aguirre has been represented by competent counsel on this appeal.

3

DISPOSITION

The judgment is affirmed.


                                                              O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


HUFFMAN, J.

4